## LEOPOLD J. KADISH ET AL.
### v.
## GEORGE BULLEN ET AL.

1. PRACTICE—INSTRUCTIONS MUST BE ACCURATE.—Where the evidence is closely conflicting as to necessary elements of the plaintiff's cause of action, or the defendant's defense, the jury should be properly and accurately instructed.

2. JOINT LIABILITY—PRINCIPAL AND AGENT.—In an action against two jointly, where there is a plea denying a joint liability, if it appears that one defendant in making the purchase in question, acted as the agent of the other defendant, he is not jointly liable with his principal. If he acted as agent and exceeded his authority, or if he assumed to act without any authority, he alone is liable.

3. ADMISSIONS—MAY BE EXPLAINED.—A remark made by one party to third persons, after the alleged contract of sale was concluded, and not being one upon which the other party acted, or by which he was influenced, may be explained by competent testimony. It is not of that class of admissions to which the principle of estoppel applies.

APPEAL from the Circuit Court of Cook county; the Hon. ELLIOTT ANTHONY, of the Superior Court, sitting as Circuit Judge, presiding. Opinion filed April 10, 1882.

This was assumpsit by appellees against appellants, to recover damages for the breach of an alleged contract for the sale on the Chicago Board of Trade, of a quantity of barley. The declaration alleges that the appellees, plaintiffs below, on December 15, 1880, sold to the defendants 100,000 bushels of

barley, at $1.20 per bushel, deliverable at seller's option, at any time during the month of January, 1881; that on January 12th, 1881, the plaintiffs tendered the barley to the defendants, which the latter refused to receive, whereby the plaintiffs suffered damage to the amount of $40,000.

The defendants pleaded the general issue; also a further plea, verified by affidavit, denying joint liability. There were also pleas, alleging that the supposed contract was a gaming contract. The jury found for the plaintiff, with $20,000 damages. A motion for a new trial was overruled, and the defendants appealed to this court, and assign various errors—among others, the giving and refusing certain instructions; the admission of improper evidence on the part of the plaintiffs, and the rejection of proper evidence offered by the defendants.

Mr. FRANCIS LACKNER, for appellants; upon the right of the defendants to give testimony explanatory of the admission or statement made by one of them, cited Newton v. Liddian, 18 L. J. 53; Comyns' Dig. "Estoppel;" Bigelow on Estoppel, 442; Galinghouse v. Whitwells, 51 Barb. 208; Heane v. Rogers, 9 B. & C. 577.

If the admission consist in a loose or careless declaration, it is of little weight : 2 Starkie on Ev. 23; Ayers v. Metcalf, 39 Ill. 307; C. & N. W. R. R. Co. v. Button, 68 Ill. 409.

Admissions are to go to the jury, but a party may disprove them by evidence aliunde: Young v. Foute, 43 Ill. 33.

The custom upon the board of trade to re-sell, if the purchaser refuses to sign a memorandum of contract, has become established, and plaintiffs must be held to have contracted with reference to it: Dickinson v. Gary, 7 Allen, 29; Goodman v. Tyler, 7 Mass. 36; Dwight v. Whitney, 15 Pick. 179; 2 Parsons on Contracts, 537; Jones v. Fales, 4 Mass. 245; Wigglesworth v. Dallison, 1 Smith's Lead. Cas. 840; Lyon v. Culbertson, 83 Ill. 33; U. S. Life Ins. Co. v. Advance Co. 80 Ill. 549; Baily v. Bensley, 87 Ill. 556; Clark v. Baker, 11 Met. 186; Corbett v. Underwood, 83 Ill. 324.

Mr. WM. A. MONTGOMERY, for appellees; that the alleged

usage of the Board of Trade does not amount to a custom, cited Bissell v. Ryan, 23 Ill. 566; Wilson v. Bauman, 80 Ill. 493; Coffman v. Campbell, 87 Ill. 98; Turner v. Dawson, 50 Ill. 85.

WILSON P. J. The principal grounds of controversy on the trial were, first, as to whether the alleged sale was an actual, or only a pretended one, such as are known on the Board of Trade as " wash sales "; secondly, as to whether the sale was to the defendants, Kadish and Fleischman, jointly, or to Kadish, or to Fleischman individually.

As under the view we take of the case, the judgment of the court below must be reversed and the cause remanded for another trial, we shall not review the evidence in detail. The testimony as to the actuality of the sale was very conflicting. There was evidence tending to show that the sale was a real one, made in the usual course of business on the Board of Trade; that the sellers intended in good faith to deliver the barley contracted for, and that they were prepared and ready to make an actual delivery of the same January 12th, 1881, at the time they tendered the barley to the defendants.

On the other hand, there was evidence tending to show that it was agreed and understood between Young and Kadish, before the alleged sale, that in case the former should make an offer on the board for the barley which should be accepted by Kadish, it should not be taken as a sale; and that it was with this understanding Kadish accepted the offer at $1.20 per bushel.

And so upon the other branch of the case, as to whether the sale was to the appellant's jointly, or to one of them severally, the evidence was equally conflicting. Kadish, in whose name the purchase was made, was a member of the Board of Trade; Fleischman was not, but was present by courtesy, with Kadish, at the time of the purchase, and there was evidence tending to show that both of them recognized and treated the purchase as having been made on their joint account. On the other hand, there was evidence of a contrary tendency, going to show that the purchase was made by Kadish, either on his own account or as broker for and on account of Fleischman.

These were all disputed questions of facts to be decided by the

jury; and in view of the serious conflict of the evidence, it was important that the jury should have been instructed accurately as to the law applicable to the state of the proofs.

The Supreme Court, as well as this court, have repeatedly held that where the evidence is closely conflicting as to necessary elements of the plaintiff's cause of action, or the defendant's defense, the jury should be properly and accurately instructed.

One of the instructions asked by the defendant was as follows:

" If the jury believe, from the evidence, that Kadish alone contracted for the barley with the plaintiffs, and in his own name, then Fleischman is not liable as a contracting party in this suit, although he may have ordered Kadish to make such purchase for him as principal; a suit upon such a contract should be against Kadish alone or against Fleischman as a principal subsequently discovered. And if the jury find the fact as above stated from the evidence, they will find in favor of the defendants."

This instruction stated the law correctly, and was applicable to the evidence. The declaration counts upon a joint liability of Kadish and Fleischman. Such liability is denied by a plea verified by affidavit. There was evidence tending to show a joint liability, and there was also evidence tending to show that the liability was several, either the liability of Fleischman or of Kadish. If of either, and not both jointly, the plaintiff was not entitled to recover. If Kadish, in purchasing the barley acted as agent of, and was authorized by Fleischman to buy the same, he is not jointly liable with his principal. If he acted as agent, and exceeded his authority, or if he assumed to act without any authority, he alone is liable. We think the court erred in refusing to give this instruction.

It was sought to charge Fleischman as joint contractor by proof of a remark made by him after the sale, that " *we have bought that hundred thousand bushels of barley.*" The court refused to allow any proof explanatory of this remark. We are of opinion this was error. It is not a case where the principle of estoppel applies. It was a remark made to third persons, after the alleged contract of sale was concluded, and was

therefore not one by which the seller was influenced, or upon which he relied in making the sale. Only those can take advantage of an estoppel to whom the representation is made. Bigelow on Estoppel, 442. "When the plaintiff does not rely on it, the court and jury shall not be bound by it." Comyns' Dig. Tit. Estop. It follows that the remark was available only as an *admission* by Fleischman, and as such, is open to explanation.

In Young v. Foute, 43 Ill., the courts say: "Admissions are to go to the jury, but a party making them is at liberty to dispute them—to show by proof *aliunde* they were not true, or were made for a purpose. The jury are to determine what weight is to be given to them, and unless admissions have induced a person to act on them, and so altering his condition, they may be shown to be untrue; but if a party has acted on them, they will operate as an estoppel."

Proof of the circumstances attending the admission relied on, or of any facts that might tend to explain or qualify it, was competent, leaving it to the jury to say what weight was to be given to it in connection with the explanation.

For the reasons above indicated the judgment of the court below is reversed and the cause remanded for further proceedings.

Reversed and remanded.