## Joseph Weil v. Harvey Defenbaugh.

1. STATUTE OF FRAUDS—*Possession Under Void Leases.*—Where possession is taken under a lease not in writing and void under the statute of frauds and retained until the expiration of the term, it is too late for the tenant to plead the statute and avoid the payment of rent.

2. AGENTS—*When Personally Liable.*—An agent who conceals the fact of his agency and contracts as an ostensible principal will be personally liable as such.

3. LEASE—*Effect of a Surrender Before the Expiration of the Term.*—Where premises are leased for a fixed term, the lessee can not release himself from the payment of rent by surrendering the premises before the expiration of the term without the consent of the lessor.

**Action for Balance of Rent.**—Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

WRIGHT & HOADLY, attorneys for appellant.

A lease which is not to be performed within a year from the time of making it, is required by the statute of frauds to be in writing and signed by the party to be charged therewith. R. S., Chap. 59, Secs. 1, 2; Comstock v. Ward, 22 Ill. 248; Olt v. Lohnas, 19 Ill. 276; Wheeler v. Frankenthal, 78 Ill. 124; Creighton v. Sanders, 89 Ill. 543; Smith v. Kinkaid, 1 Brad. 620.

HENRY FETZER and MCDOUGALL & CHAPMAN, attorneys for appellee.

An agent who conceals the fact of his agency and contracts as the ostensible principal, is undoubtedly liable in the same manner and to the same extent as though he were the real principal in interest. Mechem on Agency, Sec. 554.

The duty rests upon the agent, if he would avoid personal liability, to disclose his agency, and not upon others to discover it. It is not, therefore, enough that the other party has the means of ascertaining the name of the principal; he must have actual knowledge or the agent will be bound.

There is no hardship to the agent in this rule, as he always has it in his power to relieve himself from personal liability by fully disclosing his principal, and contracting only in the latter's name. If he does not do this, it may well be presumed that he intended to make himself personally responsible. Wheeler v. Reed, 36 Ill. 82; Bickford v. First National Bank, 42 Ill. 238; Baldwin v. Leonard, 39 Vt. 260; Cobb v. Knapp, 71 N. Y. 349; Raymond v. Mills, 2 Metc. (Mass.) 319.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant and Max Teller to recover a balance of eighty-one dollars, which he claimed they owed him for rent of certain premises in Streator, Illinois.

Appellee swears that about May 1, 1891, appellant applied to him to rent a certain store building in which the firm of Teller & Weil desired to carry on the hide and wool business. He further swears appellant informed him that he, appellant, was a member of said firm. It appears there was in fact a partnership of that name and style carrying on such a business. After some negotiations between appellant and appellee concerning the fixing up of the building, and the amount of rent to be paid, a verbal lease of the premises was entered into for the term of one year, at a monthly rental of twenty-five dollars. Teller & Weil took possession on June 1, 1891, and paid rent at the agreed rate for some five or six months, when appellant informed appellee the firm of Teller & Weil was dissolved and appellee should thereafter look to Teller for the rent, which appellee declined to do. Appellant, however, went away, Teller continuing to occupy the premises as before, and paying rent for the remainder of the term except about seventy-five dollars. No surrender or offer to surrender the possession of the premises was made either by Teller or Weil. The evidence also shows, that another room had been rented by appellee to Teller & Weil for a few days for the sum of ten dollars, four dollars of which had been paid, the remaining six dol-

lars, together with the unpaid seventy-five dollars of the store rent, constituting the balance of eighty-one dollars for which suit was brought. A jury was waived, and on a trial by the court, appellee recovered a judgment for eighty-one dollars damages, and costs.

Appellant prosecutes his appeal to this court, and asks a reversal on three grounds:

1. Because he says he was not a partner in the firm of Teller & Weil, but was the mere agent of the firm, and not bound.

2. That the lease being for a longer period than one year from the time of making, was within the statute of frauds and void.

3. Because he claims that all rent was paid up to the time when the partnership between Teller & Weil was dissolved; that Max Teller continued the business thereafter, and that appellee having received rent from Teller should look to him for this balance.

We are not disposed to disturb the finding of the court upon the question as to whether or not appellant was a partner with Teller. There was a conflict in the evidence as to what appellant told appellee upon that subject. The court saw the witnesses and heard them testify; there was some corroboration of appellee and we can not say the finding was not warranted by the evidence. That appellant dealt directly with appellee is admitted, and he nowhere swears that he disclosed his agency. If he did not wish to be personally liable, he should have fully informed appellee as to the facts, giving the names of his principals, and not leaving appellee to suppose he himself was a principal if he did not expect to be so treated. The duty was upon appellant to disclose his agency, and not upon appellee to discover it. Having contracted as a principal, he can not complain now, if he is held liable as such. Bickford v. First National Bank, 42 Ill. 238.

The defense of the statute of frauds can not avail. That statute was designed to prevent fraud, and not to assist in its perpetration. Possession of the premises was

taken under the lease and retained until the expiration of the term, and it is too late, after the benefit of the contract has been enjoyed, to say it was void under the statute of frauds. Appellant having had the use of the premises under the lease for the entire term, should pay for them according to its provisions.

As to the third proposition, we think the position of appellant is untenable. The premises were leased to appellant and Teller for one year, and, until the term expired and the possession of the premises was surrendered, appellant could not release himself from liability without the consent of appellee. Here there was no surrender, nor offer to surrender, but the premises were occupied under the lease for the whole term, and the dissolution of the partnership of Teller & Weil in no way affected appellant's liability. Finding no error in the record, the judgment will be affirmed.