### Hugh Martin v. William B. Topliff.

1. CONTRACTS—*Under Seal, Not to be Changed by Parol—Limitation of the Rule.*—The general rule at common law and in this State is that an executory contract under seal can not be varied by a subsequent parol agreement, but there are limitations upon this doctrine and a parol agreement for the extension of a sealed lease is one of them.

2. SAME—*What Contracts Under Seal May be Changed by Parol.*— A parol agreement for the extension of a lease under seal followed by a continued occupation of the demised premises by the lessee for a period

beyond that provided by the lease for its termination, is valid and does not fall within the purview of the general rule forbidding the modification by parol of executory contracts under seal.

3. APPELLATE COURT PRACTICE—*Where a Judgment Exceeds the Amount the Plaintiff is Entitled to Recover—Remittitur.*—When the judgment appealed from exceeds the amount that the plaintiff is entitled to recover the only remedy within the power of an Appellate Court is to permit a remittitur of the excess.

**Action for Rent.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed April 4, 1900. Amended opinion filed April 20, 1900.

GEORGE N. LYMAN, attorney for appellant.

RICH & LOEHR, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

Suit was brought by appellee to recover from appellant for a balance of rent accrued under a lease of land for ten years, and several extensions thereof, and for certain taxes on the premises.

The original lease was under seal; all of the extensions were in writing indorsed upon the original lease, but none of them were under seal.

The declaration consisted of two special counts upon the lease and its several extensions, and a common count for use and occupation of the demised premises. The plaintiff (appellee) recovered a verdict and judgment for $294.18, and the defendant now asks for a reversal.

Of the several assigned errors only two are relied upon, viz.:

First. The introduction of the lease in evidence was improper.

Second. That there was no evidence to sustain the verdict.

The second alleged error applies to the count for use and occupation, and falls, if the lease were properly admitted in evidence.

The argument of appellant, in support of the first alleged

error, is that the original lease being under seal, could not be lawfully extended by agreements not under seal. We understand that nothing is claimed by appellee to be due him for rent or otherwise for the original ten years term of the lease, and that everything that is claimed is because of the subsequent unsealed extension agreements, or one of them.

The general rule at common law and in this State un-doubtedly is that an executory contract under seal can not be varied by subsequent parol agreement, but there are limitations upon this doctrine, and a parol agreement for the extension of a sealed lease is one of them. So, it was held in West Chicago Street R. R. Co. v. Morrison, 160 Ill. 288, that a parol agreement for the extension of a lease under seal, followed by a continued occupation by the les-see of the demised premises, for a period beyond that pro-vided by the lease for its termination, was valid, and did not fall within the purview of the general rule forbidding the modification by parol of an executory contract under seal.

We regard that case as substantially like this one and decisive of it. See, also, Miller v. Ridgely, 19 Ill. App. 306, and Weil v. Defenbaugh, 65 Ill. App. 489.

As a necessary result, the lease and agreements for exten-sion were properly admitted in evidence.

There was, therefore, evidence to support not only the special counts of the declaration upon the lease and agree-ments for extension, but also the common count for use and occupation.

The last agreement for extension fixed the rental to be paid at $25 a month, so long as appellant should continue to occupy the premises, and it was proved that he paid $100 on account of his last year's occupancy. That would leave only the sum of $200 due by appellant.

There is no evidence whatever to support the verdict for any amount in excess of $200, and the verdict for such excess can not stand.

If such excess be for the taxes of 1897, as seems probable

from the bill of particulars filed by appellant, wherein $94.18 is set down as the amount of taxes paid by appellant for that year, it should have been proved that appellant paid such sum. So far as we can discover in the abstract of the bill of exceptions, the only evidence bearing upon the subject is to the effect that appellee paid the taxes for 1897, and got a tax receipt, but the amount is not shown.

The only remedy within our power is to permit a remittitur from the judgment of all in excess of $200 and to affirm the judgment for the balance. If within ten days appellee shall file such remittitur, the judgment will be affirmed for $200 at appellee's costs, otherwise the judgment will have to be reversed and the cause remanded. Affirmed, if remittitur entered, otherwise reversed and remanded.

SUPPLEMENTAL OPINION PER CURIAM.

Since the foregoing opinion was filed the appellee has moved that the same be modified, and that the judgment to be entered in the cause be one of unconditional affirmance of the judgment of the court below. Having now considered such motion, and the suggestions in support thereof, as well as the counter-suggestions by appellant in opposition thereto, our conclusion is that the motion should be allowed. The defect in proof with reference to the amount of taxes paid by appellee for the year 1897, to which we referred, was supplied by other evidence that escaped our attention, that we think we were bound to consider, although it did not appear in the abstract.

The request for the allowance of statutory damages can not be granted.

The order, therefore, is that the judgment of the Superior Court be in all things affirmed.