CHICAGO—FIRST DISTRICT—MARCH, 1914. 403

Limo. and Carriage Mfg. Co. v. Shadburne et al., 185 Ill. App. 403.

## Limousine and Carriage Manufacturing Company, Defendant in Error, v. L. A. Shadburne and A. Sbarbaro, Defendants. A. Sbarbaro, Plaintiff in Error.

### Gen. No. 18,082.

1. PRINCIPAL AND AGENT, § 180*—*when evidence shows liability of undisclosed principal.* In an action to recover for automobile repairs, evidence *held* sufficient to show that the person ordering the work done was the agent of an undisclosed principal who was the real party for whom the work was done.

2. PRINCIPAL AND AGENT, § 182*—*liability of agent and undisclosed principal.* Where an agent without disclosing his principal enters into a contract, he and also his principal are personally liable thereon, but there is no joint liability on the agent and the principal.

3. PRINCIPAL AND AGENT, § 182*—*when joint judgment against agent and undisclosed principal erroneous.* In an action against an agent and his undisclosed principal for automobile repairs furnished to the agent, the defendants both denying joint liability, *held* that on failure of proof of joint liability a joint judgment against the defendants could not be sustained.

4. PRINCIPAL AND AGENT, § 218*—*necessity of election to proceed against agent or undisclosed principal.* Where an agent makes a contract without disclosing his principal, if the principal is discovered the person with whom the contract was made must elect whether he will proceed against the agent or the principal.

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded with directions. Opinion filed March 11, 1914.

RICHARD I. GAVIN, for plaintiff in error, A. Sbarbaro; GAVIN & MAYER, of counsel.

GOLDZIER, RODGERS & FROEHLICH, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

One L. A. Shadburne took an automobile to the place of business of defendant in error to have certain changes and repairs made thereon. The work was done as ordered and the bill therefor amounted to $139.15. It is conceded that the bill is a proper one and should be paid. The charge for the work was made against Shadburne. The bill not being paid, suit was begun in the Municipal Court against Shadburne as the agent of an undisclosed principal and against one A. Sbarbaro as the undisclosed principal. Sbarbaro, in his affidavit of merits, denied joint or several liability while Shadburne denied joint liability only. The case was tried by the court without a jury and resulted in a finding and judgment against both defendants. Sbarbaro alone prosecutes this writ of error.

We are asked to reverse this judgment: First, because the evidence fails to show that Shadburne was the agent of plaintiff in error in procuring the work in question to be done; second, because even if plaintiff in error is the undisclosed principal, defendant in error is not entitled to a judgment against both the principal and the agent, but should be required to elect which one he will hold responsible.

In answer to the interrogatory, "State fully the relations between yourself and the defendant, Shadburne, with reference to agency of Simplex automobile, at No. 1328-1330 Michigan Ave., Chicago, Ill.," plaintiff in error said: "Shadburne was employed by me as a salesman and manager." Shadburne testified that he and plaintiff in error became associated in business about July 1, 1910. In his verified answer to a bill in chancery in a case between himself and Shadburne, wherein Shadburne had charged that a partnership existed between them, plaintiff in error said: "This defendant further answering says and charges the fact to be that he, Leonard A. Shadburne, on or about the first day of August, A. D. 1910, became the employe of this defendant; and that on or about the

first day of August, 1910, agreed to work and did subsequently thereafter work, for A. Sbarbaro, this defendant at No. 1330 Michigan avenue, Chicago, in the capacity of manager and salesman.''

The evidence further shows that the work charged for was done in August, 1910, on a Simplex car sold by Shadburne to one Stillwell, and that the work done was to make the car conform to the desires of the purchaser.

It is further disclosed by the evidence that Shadburne had been the agent in Chicago for the Simplex Automobile Company; that by some deal between Shadburne and plaintiff in error the business of the Chicago agency of that company was conducted by plaintiff in error from and after sometime in July, 1910, although the writing evidencing the transfer was not signed until September 22, 1910, when Shadburne ceased to be on the pay roll of the Simplex Company. Shadburne also testified that the pay checks sent by the Simplex Company to him for July, August and September were turned over by him to Sbarbaro. This was in a measure corroborated by the witness Marie Buersing. Shadburne further testified that when the bill for the work on the Stillwell car was presented to him, he showed it to Sbarbaro who then said: ''Wait until the Dupey car is finished and pay for it all together.'' The bill for the work on the Dupey car was paid for by plaintiff in error.

Some of this testimony was contradicted by plaintiff in error, but it was for the trial court hearing the evidence without a jury to weigh it and pass upon the credibility of the witnesses, and we are unable to say that the finding by the court that plaintiff in error was the real party for whom the work was done, and, therefore, liable for the bill, is contrary to the weight of the evidence. On the contrary, we think such a finding is amply supported by the evidence. The evidence leaves no doubt as to the liability of Shadburne. In fact, he does not deny his several liability.

The basis of the right to recover, as disclosed by the statement of claim filed in the Municipal Court, is work performed and materials furnished by defendant in error at the instance of Shadburne as the agent of Sbarbaro, an undisclosed principal. The sufficiency of this statement of claim was not challenged on the trial. It cannot be doubted that where an agent without disclosing his principal enters into a contract he is personally liable thereon. So also is his principal. But there is no joint liability on the agent and the principal. *Kadish v. Bullen,* 10 Ill. App. 566.

If the principal is discovered, he with whom such a contract is made must elect whether he will proceed against the agent or the principal. The affidavit of merits of both Shadburne and plaintiff in error denied joint liability. That put on defendant in error the burden of proving such liability. In this he failed. The finding of the court that Shadburne and plaintiff in error were jointly liable was not warranted.

The judgment is, therefore, reversed and the cause is remanded to the Municipal Court with directions to that court to require defendant in error to elect whether it will take judgment against plaintiff in error or L. A. Shadburne, and when it has so elected then to enter judgment accordingly.

*Reversed and remanded with directions.*