Capitol Hardware Manufacturing Company, Inc., Plaintiff-Appellee, v. Nick Naponiello and Jennie Naponiello, Individually and as Co-partners Impleaded with Joseph Olivio, Individually and Trading as West Manor Realty.
Joseph Olivio, Appellant.

**Gen. No. 45,476.**

Opinion filed December 19, 1951. Released for publication January 7, 1952.

JOHN H. GALGANO, and PATRICK A. BARTON, both of Chicago, for appellant.

TELLER, LEVIT & SILVERTRUST, of Chicago, for appellee.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a suit to recover the balance due on a sale of bowling alley equipment. The court without a jury found the issues against the defendants and entered judgment for plaintiff for $1950.88. Defendant Olivio has appealed.

The decisive question raised by Olivio in this court is whether the judgment entered by the court is valid.

The transaction took place in the latter part of December, 1949. The Naponiellos' did not personally order the equipment. The shipments of equipment followed conversations between plaintiff's vice-president, Olivio, and the electrical contractor engaged in the construction of the bowling alley. Nick Naponiello testified for plaintiff that Olivio was a partner of the general contractor. This Olivio denies. It is admitted, however, that Olivio was given more than $33,000 by Naponiello which was disbursed for labor and material used in the construction of the bowling alley. Olivio also arranged a loan of $40,000 in connection with the building of the alleys. The proceeds of this loan were deposited by the Naponiellos' with attorney Anzalone who presumably represented the lender. This money was to be disbursed by Anzalone for the payment of bills submitted to him by Nick Naponiello.

It is apparent that the sale was not made to the electrical contractor—he merely selected the equipment. The credit was extended to Olivio on the basis of references given plaintiff by him. The account was carried in the name of West Manor Realty. The invoices carried the name of West Manor Realty and

273

Builders as buyer, and called for shipment to the Naponiello Bowling Alley. The bills were sent to Olivio. The shipments, except one, were received by Nick Naponiello.

Plaintiff sought payment from Olivio. He referred plaintiff's vice-president to Anzalone, and a $300 check given on account was received from Anzalone. Nothing was paid on the bowling alley equipment by Olivio. An unrelated purchase of hardware from plaintiff by Olivio amounting to $224 was paid within thirty days of January 10, 1950, which was the date of the sale of the hardware.

The suit was commenced originally against Olivio. His defense stated, among other things, that whatever he did at plaintiff's place of business in connection with the bowling alley equipment was done voluntarily for the owner of the bowling alley, and that he told plaintiff's vice-president that payment would be made through the attorney for the owner of the bowling alley. Plaintiff then amended its statement of claim, adding a count which sued the Naponiellos' as principals, and alleged purchase by their agent.

The judgment is against ". . . Olivio, Individually and doing business as West Manor Realty, Nick Naponiello and Jennie Naponiello . . .". The trial court found that Olivio was liable because for all that appeared to plaintiff, Olivio was acting for himself. The court found further that the Naponiellos' were liable as principals because after the sale was made they had received the equipment and had made a payment on account for it. We need not discuss these findings. The court would have been justified in entering judgment against the Naponiellos' on the testimony that, though he did not disclose the relationship at the time, Olivio was acting as their agent. The court would have been justified in entering judgment against Olivio on the testimony that he was, to all appearances, acting

for himself. There can be no joint liability, however, between Olivio, as agent, and the Naponiellos', as his undisclosed principals. *Limousine and Carriage Manufacturing Co. v. Shadburne,* 185 Ill. App. 403. We conclude, therefore, that the judgment is invalid, and that plaintiff must elect which one he shall take judgment against.

We need not consider any other point raised on this appeal. For the reasons given, the judgment is reversed and the cause is remanded to the municipal court with directions to require plaintiff to elect whether to take judgment against Olivio or the Naponiellos' and to enter judgment accordingly.

*Judgment reversed and cause remanded with directions.*

LEWE and FEINBERG, JJ., concur.