LANKTON-ZIEGLE-TERRY AND ASSOCIATES, INC., Plaintiff-Appellee,
v. WILLIAM T. GRIFFIN, Defendant-Appellant.

Third District   No. 3—86—0697

Opinion filed June 19, 1987.

Burt L. Dancey, of Elliff, Keyser, Oberle & Davies, P.C., of Pekin, for appellant.

Ronald E. Halliday, of Parker & Halliday, of Peoria, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Lankton-Ziegle-Terry and Associates, Inc., filed a complaint seeking damages against the defendant, William T. Griffin. The plaintiff performed construction services on the Distillery Lounge and the King Edwards Banquet Hall. The Distillery Lounge was operated by Peoria's Warf, Inc. The properties are now insolvent and the plaintiff seeks payment from the defendant. After a bench trial the court found that the defendant individually contracted for the work done by plaintiff on both projects and that he is responsible for pay-

ment in the amount of $18,011.74.

On appeal, the defendant contends that he is not liable for payment on the projects because there was not an agreement between the parties.

In order to have a binding and enforceable oral contract the terms of the agreement must be sufficiently definite and certain. (*Abrams v. Illinois College of Podiatric Medicine* (1979), 77 Ill. App. 3d 471, 395 N.E.2d 1061.) It is not necessary that the contract provide for every collateral matter or every possible future contingency which might arise. A contract is sufficiently definite and certain to be enforceable if the court is enabled from the terms and provisions to ascertain what the parties have agreed to do. (*Morey v. Hoffman* (1957), 12 Ill. 2d 125, 145 N.E.2d 644.) During October of 1981, a number of meetings were held to discuss the construction projects at the Lounge and Banquet Hall. Present at some of these meetings were managers of the Peoria Warf corporation, representatives of the plaintiff, and the defendant. The defendant is a director and shareholder of Peoria's Warf, Inc., as well as a general partner in the Warf Limited Partnership, which owned the buildings. The work to be performed on both projects was similar and intermingled. During trial, the plaintiff's representatives testified that the defendant outlined the work to be done, and also stressed the need for timely completion of the projects. In addition, the defendant stated that communications and responses on contractual matters should be directed to him. Although the final cost of completing the project was not discussed, the parties did discuss the specifics of what the defendant's bill would be based upon. The record indicates that as a result of this meeting the plaintiff decided to begin construction. Also, based on the meetings the plaintiff's representatives felt that the defendant was responsible for overseeing the construction and for final payment. The items discussed at these meetings were not reduced to writing. As the project moved along invoices were sent to the defendant. The defendant did not object or protest to receiving these bills. The bills were never paid. The business entities ultimately failed; the total bill for both projects was $18,011.74. Based upon the above mentioned facts, the trial court could have and did determine that the parties did enter into a valid contract. The trial court found, and we agree, that the terms discussed at the meeting were definite and certain enough to result in a binding agreement.

The defendant argues that even if a valid contract exists, he should not be found responsible for its nonpayment. The defendant contends that he was not acting individually, and that his services

were being performed for another entity, presumably Peoria's Warf, Inc. Generally, the duty is upon the agent who wishes to avoid liability to disclose the name or identity of his principal clearly and in such a manner as to bring actual notice to the other party. It is not sufficient that the third party has knowledge of facts and circumstances which would, if reasonably followed by inquiry, disclose the identity of the principal. (*Mawer-Gulden-Annis, Inc. v. Brazilian & Columbian Coffee* (1964), 49 Ill. App. 2d 400, 199 N.E. 2d 222; *Weil v. Defenbaugh* (1895), 65 Ill. App. 489.) In addition, to avoid personal liability , disclosure of the principal must be made at the time of the contracting, otherwise either the agent or the subsequently disclosed principal may be held liable. (*Mawer-Gulden-Annis, Inc. v. Brazilian & Columbian Coffee* (1964), 49 Ill. App. 2d 400, 199 N.E.2d 222; *Capitol Hardware Manufacturing Co. v. Naponiello* (1951), 345 Ill. App. 272, 102 N.E.2d 685.) In the instant case, the defendant met with the plaintiff's representatives. The parties discussed the projects and their requirements for completion. The record indicates that the defendant took control of the meetings and outlined the projects' specifications. In addition, the defendant requested that all project invoices and memoranda be addressed to him. Although the defendant did not specifically state that he would pay, he never informed the plaintiff that he was acting for another entity. Because of the defendant's failure to disclose his alleged agency relationship it is reasonable to conclude that the plaintiff properly looked toward the defendant for payment. Consequently, we agree with the trial court's decision, finding the defendant liable for the plaintiff's construction services.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.