## COMMERCIAL COIN LAUNDRY SYSTEMS, Appellant–Plaintiff,

v.

## Stephen A. ENNEKING and Debbie Enneking, Appellee–Defendant.

### No. 24A01–0109–CV–359.

Court of Appeals of Indiana.

April 18, 2002.

John H. Watson, Sunman, IN, Attorney for Appellant.

Neil R. Comer, Comer, Day & Ertel Law Office, Osgood, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

Commercial Coin Laundry Systems ("Commercial Coin") appeals from the trial court's denial of its motion for summary judgment and the trial court's grant of summary judgment in favor of Debbie and Stephen Enneking. Commercial Coin also appeals the trial court's award of attorney's fees to the Ennekings. We affirm in part, reverse in part, and remand.

### Issues

Commercial Coin raises the following restated issues for our review:

1. Whether the trial court properly granted summary judgment for the Ennekings by finding that the foreign judgment on which Commercial Coin sued was void for lack of jurisdiction; and

2. Whether the trial court properly granted attorney's fees to the Ennekings.

*Facts and Procedural History*

In 1981, Robert Currence purchased land in Ripley County, Indiana. An unfinished residential building and a storage building were located on the property. The property was mortgaged to the Batesville State Bank on January 17, 1983. The residential building was apparently turned into apartments and the storage building was leased to Commercial Coin, an Illinois partnership, for operation as a laundry facility. A written lease, dated December 15, 1993, was executed by "Commercial Coin Laundry Systems" as the Lessee and "Debbie Enneking/Agent, Amber Oaks Apartments" as the Lessor. Appellant's App. at 34. Debbie Enneking is Robert Currence's daughter. The lease stated that it was to "be governed by the laws of the State of Illinois, with the courts of Cook County having sole and exclusive jurisdiction." Appellant's App. at 34. Commercial Coin installed its laundry equipment in the storage building and began operation in January of 1994.

Currence died on July 20, 1995. The mortgage on the property at that time was held by National City Bank as the successor to Batesville State Bank. The mortgage was several months in default at the time of Currence's death, and National City Bank was in the process of foreclosing on the property. Commercial Coin was notified by a March 28, 1997, letter from the attorney for Currence's estate advising that Currence had died, that the property was in foreclosure, that no one

was maintaining the buildings, and that Commercial Coin might want to protect its equipment by moving it out of the storage building. Appellant's App. at 36. Commercial Coin did in fact remove its equipment, but notified the Estate that by doing so, it was not abandoning the premises or waiving any rights under the lease. Appellant's App. at 37.

On or about August 13, 1997, Commercial Coin filed a complaint against "Deborah Enneking and Steven [1] Enneking, individually" in the Circuit Court of Cook County, Illinois, pursuant to the choice of law provision in the lease. The complaint alleged that the Ennekings were the current owners of the property, having inherited or purchased it from Currence, and that they had failed or refused to restore the premises to its original, operable condition, thereby preventing Commercial Coin from maintaining its laundry operations and breaching the lease. On February 20, 1998, the Illinois court entered a default judgment for Commercial Coin and against the Ennekings in the amount of $23,800, plus an additional $1,677.50 in costs and fees.

In the meantime, National City Bank and Debbie Enneking entered into a joint petition to transfer the encumbered property in lieu of foreclosure. The probate court of Franklin County, Indiana, approved the petition on September 25, 1997 and the property was conveyed on that date by a personal representative's deed from Currence's estate to National City Bank. Ultimately, Debbie Enneking acquired title to the property in her own name and is now the record owner of the property.

---

**1.** The original complaint was filed against "Steven" Enneking. However, subsequent pleadings, including Commercial Coin's complaint on foreign judgment filed in Indiana, and the affidavit of Mr. Enneking himself reflects that the correct spelling of his name is "Stephen." *See* Appellant's App. at 22, 25, 121. Except where a direct quote requires otherwise, we will refer to Mr. Enneking as "Stephen."

On March 9, 1999, Commercial Coin filed in the Circuit Court of Ripley County, Indiana, a complaint on foreign judgment, seeking to enforce the Illinois default judgment against the Ennekings. The case was ultimately transferred to Franklin County, Indiana on the basis of venue. Both parties moved for summary judgment on the complaint. Following a hearing, the trial court entered the following order:

> ... Upon reviewing the materials designated by [Commercial Coin] and the [Ennekings], and hearing argument of counsel, the Court finds:
>
> ...
>
> That the foreign judgment rendered in Cook County, Illinois, against the [Ennekings], upon which this cause is based, is void for lack of jurisdiction;
>
> That [Commercial Coin's] Motion For Summary Judgment should be denied;
>
> That [the Ennekings'] Cross–Motion[s] For Summary Judgment ... should be granted,
>
> That a hearing should be scheduled to determine [the Ennekings'] request for an award of attorney fees and costs.

Appellant's Appendix at 12. Following a further hearing on the issue of attorney's fees, the trial court entered an order awarding $8,800 in attorney's fees to the Ennekings. Commercial Coin then instituted this appeal. Additional facts will be provided as necessary.

### Discussion and Decision

### I. Summary Judgment

All parties filed motions for summary judgment in this case. The trial court denied Commercial Coin's motion and granted the Ennekings' cross-motions.

### A. Standard of Review

Our standard of review of a summary judgment order is well-settled: summary judgment is appropriate if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). Relying on specifically designated evidence, the moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *I/N Tek v. Hitachi Ltd.*, 734 N.E.2d 584, 586 (Ind. Ct.App.2000), *trans. denied*. If the moving party meets these two requirements, the burden shifts to the nonmovant to set forth specifically designated facts showing that there is a genuine issue for trial. *Id.* A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *Gilman v. Hohman*, 725 N.E.2d 425, 428 (Ind.Ct.App. 2000), *trans. denied*. Even if the facts are undisputed, summary judgment is inappropriate where the record reveals an incorrect application of the law to the facts. *Id.*

The party that lost in the trial court has the burden to persuade the appellate court that the trial court erred. *Estate of Hofgesang v. Hansford*, 714 N.E.2d 1213, 1216 (Ind.Ct.App.1999). On appeal, we are bound by the same standard as the trial court, and we consider only those matters which were designated at the summary judgment stage. *Interstate Cold Storage v. General Motors Corp.*, 720 N.E.2d 727, 730 (Ind.Ct.App. 1999), *trans. denied*. We do not reweigh the evidence, but we liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact for trial. *Estate of Hofgesang*, 714 N.E.2d at 1216. A grant

of summary judgment may be affirmed upon any theory supported by the designated materials. *Id.*

■ The fact that the parties make cross-motions for summary judgment does not alter our standard of review. Instead, we must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Metal Working Lubricants Co. v. Indianapolis Water Co.*, 746 N.E.2d 352, 355 (Ind.Ct.App.2001)

### B. Validity of Foreign Judgment

#### 1. Collateral Attack on Foreign Judgment

■ A judgment of a foreign court is open to collateral attack for want of personal jurisdiction or subject matter jurisdiction. *American Mgmt., Inc. v. Riverside Nat'l Bank*, 725 N.E.2d 930, 933 (Ind. Ct.App.2000). Thus, before an Indiana court is bound by a foreign judgment, it may inquire into the jurisdictional basis for that judgment; if the first court did not have jurisdiction over the subject matter or relevant parties, full faith and credit need not be given. *Lucas v. Estate of Stavos*, 609 N.E.2d 1114, 1120 (Ind.Ct.App. 1993), *trans. denied.* A foreign judgment which is regular and complete on its face is presumed valid. *Id.* The party attacking the judgment of a sister state has the burden of rebutting the presumption of validity and of showing that the sister state lacked jurisdiction. *Id.* at 1117. In assessing a collateral attack of a foreign judgment, we apply the law of the state where the judgment was rendered. *Id.* at 1116–17. A judgment which is void in the state where it was entered is also void in Indiana. *Jenkins v. Futch*, 640 N.E.2d 379, 381 (Ind.Ct.App.1994).

#### 2. Illinois Court's Jurisdiction Over the Ennekings

Commercial Coin filed a complaint in Cook County, Illinois, against "Deborah Enneking and Steven [sic] Enneking, individually." Appellant's App. at 28. The Illinois court granted a default judgment to Commercial Coin on its complaint. The Ennekings contended on summary judgment that the Illinois court did not have jurisdiction over either of them such that the default judgment entered against them was void. The trial court agreed, granting summary judgment for the Ennekings on Commercial Coin's complaint on foreign judgment. Commercial Coin now alleges that this determination was in error.

##### a. Stephen Enneking

■ We note first that Commercial Coin makes no argument on appeal regarding the Illinois court's jurisdiction over Stephen Enneking. The undisputed evidence designated to the trial court in support of the Ennekings' cross-motions for summary judgment shows that Stephen Enneking was not a party to the original December 1993 lease, that he does not now have nor has he ever had an ownership interest in the property, and that he is not a resident of Illinois. Commercial Coin's argument on appeal solely concerns the Illinois court's jurisdiction over Debbie Enneking. *See* Brief of Appellant at 3–4. Under these circumstances, we hold that the trial court properly determined that the Illinois court had no personal jurisdiction over Stephen Enneking, that the foreign judgment was void as to Stephen Enneking for want of jurisdiction, and that the grant of summary judgment in his favor was proper.

##### b. Debbie Enneking

■ As for Debbie Enneking, Commercial Coin contends that the fact that she signed the lease which contained a

choice of law provision is sufficient to subject her to the jurisdiction of the Illinois court. Debbie Enneking clearly signed the lease as "Agent"; however, Commercial Coin is correct that Robert Currence is not named anywhere on the face of the lease. In Illinois, the duty is upon the agent who wishes to avoid liability to disclose the name or identity of his principal clearly and in such a manner as to bring actual notice to the other party. *Lankton–Ziegle–Terry and Assoc., Inc. v. Griffin,* 156 Ill.App.3d 765, 109 Ill.Dec. 124, 509 N.E.2d 785, 786 (1987). It is not sufficient that the third party has knowledge of facts and circumstances which would, if reasonably followed by inquiry, disclose the identity of the principal. *Id.* In addition, to avoid personal liability, disclosure of the principal must be made at the time of the contracting, otherwise either the agent or the subsequently disclosed principal may be held liable. *Id.*[2]

In this particular case, the designated evidence shows that Debbie Enneking signed the lease as "Agent." The lease form appears to be Commercial Coin's own form, as the references to Commercial Coin therein appear to be part of the form, whereas the references to Debbie Enneking are typed in, and as the terms of the lease favor Commercial Coin. Commercial

Coin references Robert Currence in its original complaint in the Illinois court. Commercial Coin attached as an exhibit to the complaint the March 28, 1997 letter from the attorney for Currence's estate which includes the following language: "As you know, you and Robert Currence entered into a contract for the lease of washers and dryers...." Appellant's App. at 36. Commercial Coin included a paragraph in its complaint acknowledging that Robert Currence was the prior owner of the property, and also included a paragraph alleging that "Robert Currence threatened to disconnect Commercial Coin's laundry equipment, and to remove it...." Appellant's App. at 31. This evidence indicates that Commercial Coin knew at the time the lease was signed that there was a principal on whose behalf Debbie Enneking was acting, and became aware at some point that Robert Currence was the person responsible for the property.[3]

◼ Nonetheless, in order to prevail on summary judgment, Debbie Enneking was required to show that there was no material question of fact regarding Commercial Coin's knowledge *at the time the lease was signed* that Robert Currence was the principal. We are unable to say

---

**2.** This is similar to the rule in Indiana in which to avoid personal liability, an agent must disclose both the capacity in which he acts and the existence and identity of his principal. *McDonald v. Smart Prof'l Photo Copy Corp.,* 664 N.E.2d 761, 765 (Ind.Ct.App. 1996). It is not sufficient that the third person have knowledge of facts and circumstances which, if followed by inquiry, would disclose the existence and identity of the principal. *Id.* Rather, the third person must know or the facts must be such that a reasonable person would know of the principal's existence and identity; otherwise, the agent must be held to be acting for an undisclosed principal and is held liable in the same manner as if he were the principal. *Id.*

**3.** Debbie Enneking in fact signed the lease as "Agent" for "Amber Oaks Apartments." If Amber Oaks as an entity is the principal, then the lease does clearly disclose the principal. If Robert Currence is the true principal behind Amber Oaks, he still may or may not have been disclosed to Commercial Coin. As neither party had made any argument with respect to Amber Oaks, either to the trial court or to this court, there remains a question of fact as to the effect the designation of Amber Oaks in the lease has on Debbie Enneking's personal liability under the lease.

that the evidence designated by Debbie Enneking shows this. In the absence of such evidence, there remains the possibility that Robert Currence was an undisclosed principal at the time of contracting and that Debbie Enneking is personally liable under the terms of the lease as a contracting party and submitted to the jurisdiction of the Illinois court. Therefore, summary judgment for Debbie Enneking was improper. Accordingly, we reverse the trial court's entry of summary judgment for Debbie Enneking on Commercial Coin's complaint to enforce its foreign judgment and remand for further proceedings.

## II. Attorney's Fees

The Ennekings also requested that the trial court award attorney's fees to them pursuant to Indiana Code section 34–52–1–1. Following a hearing, the trial court entered an order granting the Ennekings' request in the amount of $8,800.

### A. Standard of Review

Indiana Code section 34–52–1–1 provides, in pertinent part, as follows:

(a) In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law.

(b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

Ind.Code § 34–52–1–1(a), (b).

■ An award of attorney's fees pursuant to this section is afforded a multi-step review. First, we review the trial court's findings of fact under the clearly erroneous standard, and then we review the trial court's legal conclusions *de novo*. Finally, we review the trial court's decision to award attorney's fees and the amount thereof under an abuse of discretion standard. *Emergency Physicians of Indianapolis v. Pettit*, 714 N.E.2d 1111, 1115 (Ind.Ct.App.1999), *adopted in pertinent part*, 718 N.E.2d 753, 757 (Ind.1999).

### B. Appropriateness of Award

The Ennekings contended during the attorney's fee hearing that both the original complaint filed in Illinois and the complaint on foreign judgment filed in Indiana were "frivolous, groundless and unreasonable" because "these two (2) people here were never parties to that contract, [Commercial Coin] knew, or should have known it. They filed suit anyway." Transcript at 35.

■ A claim is "frivolous" if it is made primarily to harass or maliciously injure another; if counsel is unable to make a good faith and rational argument on the merits of the action; or if counsel is unable to support the action by a good faith and rational argument for extension, modification, or reversal of existing law. *Fisher v. Estate of Haley*, 695 N.E.2d 1022, 1029 (Ind.Ct.App.1998). A claim is "unreasonable" if, based upon the totality of the circumstances, including the law and facts known at the time, no reasonable attorney would consider the claim justified or worthy of litigation. *Id.* A claim is "groundless" if no facts exist which support the claim relied upon and supported by the losing party. *Id.*

■ Because we have determined that there is a genuine issue of material fact as to Debbie Enneking's liability under the lease, we are unable to say that this action was frivolous, groundless, or unreasonable as to her. If the identity of the principal upon whose behalf she purported to act as agent was unknown to Commercial Coin at the time of contracting, then Debbie Enneking was properly subject to the jurisdiction of the Illinois court and is liable for the foreign judgment Commercial Coin obtained in Illinois. She is, therefore, not entitled to attorney's fees. However, we are inclined to agree that this action, from its inception in Illinois, was frivolous as to Stephen Enneking. The face of the lease on which Commercial Coin sued indicates absolutely no connection between the subject property and Stephen Enneking. Because the Ennekings did not appear in and defend the Illinois action, Commercial Coin was not required to prove the allegations of its complaint regarding the Ennekings' connection to the property; rather, the allegations were taken as true. Even if we assume that the action was not frivolous when it was originally filed in Illinois and that it was reasonable to seek to enforce the judgment in an Indiana court, after the Ennekings filed their affidavits and other designated materials in this action, it should have been apparent to Commercial Coin that there was no basis to continue to support its contention that Stephen Enneking was a "contracting party" individually liable for breach of the lease.[4] Under these circumstances, we hold that there was no good faith and rational argument to support the merits of Commercial Coin's claim against Stephen Enneking.

We therefore reverse the award of attorney's fees as to Debbie Enneking, affirm the award as to Stephen Enneking, and remand to the trial court for a determination of the amount of attorney's fees attributable to each of the Ennekings separately and entry of an appropriate award of attorney's fees to Stephen Enneking.

## C. Appellate Attorney's Fees

The Ennekings have further requested that this court make an award of appellate attorney fees on the basis that this appeal is frivolous.

■ Indiana Appellate Rule 67 provides for the assessment of costs on appeal. "Costs" include the filing fee, the cost of preparing the Record on Appeal, postage, and "additional items as permitted by law." Ind. Appellate Rule 67(B). This includes attorney's fees. An award of costs under this rule is discretionary and may be ordered when an appeal is "permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Orr v. Turco Mfg. Co. Inc.*, 512 N.E.2d 151, 152 (Ind.1987) (analyzing a motion for appellate attorney fees as a request for "damages" under the prior appellate rule concerning costs, Ind. Appellate Rule 15(G) (2000)). Our supreme court, however, has cautioned that appellate attorney fees should be awarded only when the arguments on appeal are "utterly devoid of all plausibility." *Id.* That attorney's fees were awarded by the trial court does not necessarily mean that appellate attorney's fees should also be awarded.

■ Again, as we have determined that the trial court erroneously granted summary judgment to Debbie Enneking and that this action may proceed as to her, an award of appellate attorney's fees to

---

4. In fact, the sole basis on which Commercial Coin argues that Stephen Enneking is liable under the lease is because he "is Debbie Enneking's husband...." Brief of Appellant at 5.

her is clearly not appropriate. As to Stephen Enneking, Commercial Coin continues to contend on appeal that he was properly subject to the Illinois court's jurisdiction as a contracting party to the lease. *See* Brief of Appellant at 3 ("Commercial Coin secured a valid judgment in the State of Illinois against defendants, Debbie Enneking and Stephen Enneking...."); *id.* at 6 ("[T]he Summary Judgment entered by the Trial Court in favor of the defendants should be reversed...."). However, the argument section of Commercial Coin's brief regarding summary judgment discusses only the Illinois court's jurisdiction over Debbie Enneking and concludes that "Summary Judgment, therefore, should not have been entered in favor of defendant, Debbie Enneking." *Id.* at 4. Commercial Coin wholly fails to make any argument whatsoever to support its contention that Stephen Enneking was subject to the jurisdiction of the Illinois court. The only mention of Stephen Enneking in the argument section of Commercial Coin's brief comes in the discussion of the award of attorney fees, wherein Commercial Coin asserts that "Stephen Enneking is Debbie Enneking's husband and he may have acquired rights to the parcel involved under Illinois law," without citing any supporting case law. Brief of Appellant at 5. Because Commercial Coin ostensibly appeals the grant of summary judgment to Stephen Enneking but fails to make any argument with regard to him, we find that an award of appellate attorney's fees as they relate to Stephen Enneking is appropriate. We therefore remand to the trial court to determine the appellate attorney's fees attributable to the defense of Stephen Enneking and to make an appropriate award thereon.

### Conclusion

The trial court erroneously determined that there was no genuine issue of material fact as to Debbie Enneking's liability under the lease and therefore improperly granted summary judgment to her on Commercial Coin's complaint to enforce its foreign judgment. Summary judgment as to Debbie Enneking is reversed, as is the award of trial attorney's fees to her. However, the trial court properly determined that the Illinois court had no jurisdiction over Stephen Enneking when it entered a default judgment against him. Accordingly, the trial court's grant of summary judgment to Stephen Enneking on Commercial Coin's complaint to enforce the foreign judgment was proper. Moreover, because Commercial Coin continued to litigate this action after it became apparent that its claim against Stephen Enneking had no merit, an award of trial attorney's fees to Stephen Enneking is appropriate. Finally, we order appellate attorney's fees to Stephen Enneking and remand to the trial court to determine the amount of the attorney's fees awards. The judgment of the trial court is affirmed in part and reversed in part and we remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

KIRSCH, J., and SULLIVAN, J., concur.