## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 26 2015, 8:30 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEES |
|---|---|
| Jason R. Delk | Thomas M. Beeman |
| Delk McNally LLP | Kyle B. DeHaven |
| Muncie, Indiana | Anderson, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Runningman, LLC, | August 26, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A02-1412-PL-897 |
| v. | Appeal from the Delaware Circuit Court No. 4 |
| | The Honorable John M. Feick, Judge |
| Joshua Nagy and Robert Sak, | The Honorable Joseph M. Speece, Master Commissioner |
| *Appellees-Plaintiffs* | Cause No. 18C04-1304-PL-13 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Runningman, LLC purchased a Pita Pit franchise from The Nagsak Company of West Lafayette, Inc. (Nagsak)—Joshua Nagy and Robert Sak's company—and the Purchase Agreement included a forum-selection clause dictating that all

contract-related litigation be conducted in Michigan. Thereafter, Runningman filed suit in Indiana alleging breach of contract, among other things. Nagsak moved to dismiss for lack of jurisdiction, and the trial court granted the motion. This Court, in a memorandum decision, affirmed the dismissal, holding that Michigan was the proper forum because of the forum-selection clause. Joshua Nagy and Robert Sak then filed suit against Runningman in Michigan. Runningman appeared, filed its answer, and asserted affirmative defenses, but after Runningman's counsel withdrew, Runningman failed to continue defending the action. Nagy and Sak received a default judgment, which they then attempted to domesticate in Indiana. Runningman responded with an answer and multiple affirmative defenses and counterclaims. Ultimately the Indiana trial court granted summary judgment in favor of Nagy and Sak, finding that Michigan had jurisdiction in this matter and domesticating the Michigan judgment. Concluding that Runningman failed to rebut the presumption of validity of the Michigan judgment, we affirm.

# Facts and Procedural History

In January 2008 The Nagsak Company of West Lafayette (Nagsak) and Runningman, LLC (Runningman) executed a purchase agreement in which Runningman agreed to purchase a Pita Pit franchise in West Lafayette. The purchase agreement contained a forum-selection clause dictating that all contract-related litigation be conducted in Michigan. In April 2009 Runningman initiated a lawsuit in Indiana against Nagsak, Nagy, and Sak,

alleging several causes of action, including breach of contract. Nagsak moved to dismiss for lack of jurisdiction and failure to state a claim on which relief can be granted; the trial court dismissed Runningman's complaint. This Court affirmed the trial court's dismissal, holding that any action regarding the parties' contract must be filed in Michigan per the forum-selection clause. *Runningman, LLC v. The Nagsak Co. of W. Lafayette, Inc., Joshua Nagy, and Robert Sak*, No. 18A02-1003-PL-383 (Ind. Ct. App. Oct. 25, 2010).[1]

[3]     Then, Nagy and Sak—Michigan residents, and successors in interest to Nagsak, which had been dissolved—filed suit against Runningman in Michigan, alleging that Runningman had defaulted on the Purchase Agreement by failing to make required payments. *See* Appellant's App. p. 57-60. Runningman, by counsel, appeared, filed an answer, and asserted affirmative defenses in the Michigan

---

[1] In the Facts and Procedural History portion of the previous *Runningman* decision, this Court explained that "Nagsak prepared a Letter of Intent to Purchase, but the parties never executed it." No. 18A02-1003-PL-383 at 2. In the Discussion and Decision section, this Court appeared to analyze the question of subject-matter jurisdiction, since Nagsak in that instance had filed a motion to dismiss under Indiana Trial Rule 12(B)(1). But in a footnote, the Court wrote as follows: "We note Nagsak filed a motion to dismiss under Rule 12(B)(1). However, our review is of Rule 12(B)(2), lack of personal jurisdiction, as it is more closely related to the issues contained in a forum[-]selection clause. Nevertheless, the standard of review and result are the same." *Runningman*, No. 18A02-1003-PL-383 at 3 n.1.

Also worth noting: Runningman asserts that this Court's previous *Runningman* decision is "not applicable to this action" because Nagy and Sak were not parties to that litigation or the forum-selection clause. Appellant's Reply Br. p. 7. However, there is simply no merit to that contention, as this Court in that decision clearly concluded that "[t]he trial court did not err in dismissing Runningman's complaint against Nagsak, *Nagy, and Sak* based on the forum[-]selection clause contained in the Purchase Agreement." *Runningman*, No. 18A02-1003-PL-383 at 6 (emphasis added).

Finally, we do not decide this case on res judicata grounds because one of the four requirements for the doctrine of res judicata is not met in this case: "the former judgment must have been rendered on the merits." *See Ind. Ins. Co. v. Am. Cmty. Servs., Inc.*, 718 N.E.2d 1147, 1155 (Ind. Ct. App. 1999). Here, the first Indiana trial court decision was a dismissal for lack of jurisdiction, and the Michigan trial court decision was a default judgment.

action. Among the affirmative defenses asserted by Runningman were the following: the Michigan court lacked personal jurisdiction over Runningman, Michigan was a forum non conveniens, and Nagy and Sak were not the proper parties in interest. Thereafter, Runningman's counsel withdrew. Nagy and Sak filed a motion for order to show cause, requesting that Runningman appear, be ordered to answer interrogatories and requests for production, and either be sanctioned or defaulted for failing to defend the suit. *See id*. at 69-70. A hearing on the motion was scheduled. But Runningman failed to appear at the hearing or otherwise respond to the motion, and the Michigan court entered a default judgment against Runningman for approximately $75,000.

[4] Thereafter, Nagy and Sak initiated the cause giving rise to this appeal when they filed a complaint to domesticate the Michigan judgment in Indiana. In response to the complaint, Runningman filed an answer, affirmative defenses, and counterclaims. The Indiana trial court, in its order granting summary judgment in favor of Nagy and Sak, found that Runningman—in appearing by counsel in the Michigan court, and filing an answer and asserting affirmative defenses—"g[ave] Michigan jurisdiction of the subject matter and the person." *Id*. at 9. Ultimately the Indiana trial court determined that because Michigan had jurisdiction in this matter, Nagy and Sak were entitled to summary

judgment domesticating the foreign judgment and dismissed Runningman's counterclaims for lack of jurisdiction.[2]  Runningman now appeals.

# Discussion and Decision

[5]  Runningman argues that the trial court erred in granting summary judgment and domesticating the foreign judgment because there was no showing that the Michigan court had personal jurisdiction over Runningman.  We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (quoting Ind. Trial Rule 56(C)).  "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences."  *Id*.

[6]  The initial burden is on the summary-judgment movant to "demonstrate[] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence"

---

[2] Although the order being appealed from is called "Order Denying Motion for Summary Judgment," it is clear from the order that the trial court in fact granted Nag and Sak's motion for summary judgment. *See* Appellant's App. p. 8-11.

showing an issue for the trier of fact. *Id*. And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *Id*.

[7] Under the Full Faith and Credit Clause of the United States Constitution, the courts of this state are obligated to enforce a judgment of the courts of a sister state. *Tom-Wat, Inc. v. Fink*, 741 N.E.2d 343, 347-48 (Ind. 2001); *see also* Ind. Code § 34-39-4-3 (providing that authenticated records and judicial proceedings from courts within the United States shall be given full faith and credit in Indiana). However, a judgment of a foreign court is open to collateral attack for want of personal jurisdiction or subject-matter jurisdiction. *Commercial Coin Laundry Sys. v. Enneking*, 766 N.E.2d 433, 439 (Ind. Ct. App. 2002). Thus, before an Indiana court is bound by a foreign judgment, it may inquire into the jurisdictional basis for that judgment; if the first court did not have jurisdiction over the subject matter or relevant parties, full faith and credit need not be given. *Id*. A foreign judgment that is regular and complete on its face, however, is presumed valid. *Id*. And the party attacking the judgment of a sister state has the burden of rebutting the presumption of validity and of showing that the sister state lacked jurisdiction. *Id*. In assessing a collateral attack of a foreign judgment, we apply the law of the state where the judgment was rendered. *Id*.

[8] Here the trial court's summary-judgment order in favor of Nagy and Sak first noted that an Indiana trial court had previously dismissed this matter for lack of

jurisdiction and this Court had affirmed that decision. The order then stated that Nagy and Sak filed suit in Michigan and that Runningman "by counsel appeared in the Michigan court and filed an answer, and asserted affirmative defenses giving Michigan jurisdiction of the subject matter and the person." Appellant's App. p. 9. Ultimately, the trial court concluded as follows: "The Court finds that Michigan had jurisdiction in this matter and the Judgment entered in Michigan should be given full faith and credit in this court." *Id.* at 10.

[9] Runningman has the burden of rebutting the Michigan judgment's presumption of validity. *See Commercial Coin Laundry Sys.*, 766 N.E.2d at 439. In its appellate brief, Runningman does not dispute that it freely and consensually entered into a Purchase Agreement containing a forum-selection clause, which provides, unambiguously, that "[a]ny litigation concerning this contract must be conducted in Michigan." Appellant's App. p. 61. Runningman now argues, however, that "Runningman *never* consented to the personal jurisdiction of Michigan. Rather, Runningman *only* consented to litigate disputes concerning the Purchase Agreement in Michigan. An agreement to litigate a dispute in a certain forum is *not* the same as a waiver/consent to personal jurisdiction in a foreign jurisdiction." Appellant's Br. p. 7 (citing Mich. Comp. Laws § 600.745). Runningman then goes on to assert that "even if the limited forum[-]selection clause could be construed as a 'consent' to jurisdiction . . . the Michigan court's personal jurisdiction is still subject to the 'limitations provided in [Michigan Compiled Laws] section [600.]745.'" *Id.*

As an initial matter, the Michigan statutes governing "general personal jurisdiction"—Michigan Compiled Laws sections 600.701, 600.711, and 600.721—provide that the existence of any of the following relationships between the state and an individual (600.701), a partnership or limited partnership (600.711), or a corporation (600.721)

> shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the [individual/partnership or limited partnership/corporation] . . . .
>
> [] Consent, to the extent authorized by the consent and *subject to the limitations provided in section 745*.

(Emphasis added). In this case, of course, that consent was given and memorialized in the forum-selection clause in the Purchase Agreement.

Therefore we next consider Section 600.745, to which the above statutes refer, which provides in relevant part as follows:

> (2) If the parties agreed in writing that an action on a controversy may be brought in this state and the agreement provides the only basis for the exercise of jurisdiction, a court of this state shall entertain the action if all the following occur:
>
>> (a) The court has power under the law of this state to entertain the action.
>>
>> (b) This state is a reasonably convenient place for the trial of the action.
>>
>> (c) The agreement as to the place of the action is not obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means.
>>
>> (d) The defendant is served with process as provided by court rules.

Runningman first appears to argue with regard with to subsection (a) that Nagy and Sak in their individual capacities are not the "real parties in interest and cannot enforce the Purchase Agreement." Appellant's Br. p. 9. But as Nagy and Sak asserted in their complaint filed in the Michigan trial court, they *are* the successors in interest to the now-dissolved Nagsak. *See* Appellant's App. p. 57. We therefore find no merit to Runningman's contention.

[12] Runningman's other primary argument concerns subsection (b): whether Michigan is a reasonably convenient place for the trial of the action. Specifically, Runningman writes that "other than a statement in the Purchase Agreement regarding the forum for litigation, Michigan has absolutely *zero* interest in the Purchase Agreement." Appellant's Br. p. 10. However, the claimed inconvenience of litigating this dispute in Michigan should have been apparent to Runningman at the time it agreed to the forum-selection clause in the Purchase Agreement; thus, it cannot now render that forum-selection clause unenforceable on the grounds of inconvenience. *See Turcheck v. Amerifund Fin., Inc.*, 725 N.W.2d 684, 690 (Mich. Ct. App. 2006); *see also Dexter Axle Co. v. Baan USA, Inc.*, 833 N.E.2d 43, 48 (Ind. Ct. App. 2005) ("It is apparent to us that any alleged inconvenience related to litigating in California was foreseeable to the parties at the time they entered into the Consulting Agreement. Dexter cannot now try to avoid a contractual provision to which it agreed based upon an inconvenience that was foreseeable when it signed the contract.") Moreover, it bears repeating that Nagy and Sak are, in fact, Michigan residents.

In light of the above, we find that Runningman has failed meet its burden of rebutting the presumption of the Michigan judgment's validity by showing that Michigan lacked jurisdiction in this matter. We therefore affirm the trial court's grant of summary judgment in favor of Nagy and Sak.[3]

Affirmed.

Robb, J., and Pyle, J., concur.

---

[3] As a final matter, Runningman asserts that Indiana Trial Rule 13(J) "permits Runningman to pursue its [c]ounterclaim as a matter of law." Appellant's Br. p. 13. But, as succinctly stated by the appellees, "T[rial] R[ule] 13(J) cannot confer jurisdiction where it d[oes] not exist . . ." Appellee's Br. p. 16. We agree and need not consider this argument further.