## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 27 2018, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Mary Jane Lapointe
Daniel Lapointe Kent
Lapointe Law Firm, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

City of Lawrenceburg, Indiana
and City of Lawrenceburg Board
of Works,

*Appellants-Defendants,*

v.

Grant Hughes,

*Appellee-Plaintiff.*

August 27, 2018

Court of Appeals Case No.
18A-PL-439

Appeal from the Dearborn
Superior Court

The Honorable Jonathan N.
Cleary, Judge

Trial Court Cause No.
15D01-1607-PL-48

**Bradford, Judge.**

# Case Summary

Former Lawrenceburg Redevelopment Director/Mayor's Assistant Grant Hughes sued the City of Lawrenceburg and the Lawrenceburg Board of Public Works (collectively, "the City") seeking compensation to which he claimed to be entitled following his termination. The trial court considered competing summary judgment motions before ruling in Hughes's favor. We affirm.

# Facts and Procedural History

Hughes entered into an employment contract (the "Agreement") with the City on March 17, 2014. The Agreement was signed by then-Mayor Dennis Carr and each member of the Board of Works. It was also signed by Hughes.

According to the terms of the Agreement, Hughes's employment commenced on March 17, 2014, "and shall continue until the 17th day of March, 2015." Appellant's App. Vol. II, p. 17. The Agreement provided that "[u]nless terminated [pursuant to the terms of the Agreement], and unless either party gives at least sixty (60) days notice of an intention to terminate the Agreement at the end of a given term, this Agreement and term of [Hughes's] employment shall be automatically extended for consecutive one (1) year terms." Appellant's App. Vol. II, p. 17. The parties agreed that Hughes would be compensated at a rate of $85,202.00 per year. The Agreement further provided as follows:

In the event the City discontinues operating the offices of the Redevelopment Director and/or the Mayor's Assistant, then this Agreement shall terminate as of the date of the discontinuance of operation of said office, and on the same date, the City shall be obligated to pay [Hughes] the balance of his compensation under this Agreement, including the costs of all benefits.

**\*\*\*\***

If [Hughes] is terminated without cause, [Hughes] shall be entitled to receive the balance of his compensation under this Agreement, including the cost of all benefits. The City may terminate the Agreement without cause upon thirty (30) days written notice and approval of the majority vote of the Board of Works.

Appellant's App. Vol. II, p. 19.

[4] Hughes was employed by the City until November 12, 2015, when he was notified by Mayor Carr that the City had decided to eliminate Hughes's position. Mayor Carr further notified Hughes that, pursuant to the terms of the Agreement, "all existing employee benefits will remain in effect until March 17, 2016." Appellant's App. Vol. II, p. 102. Mayor Carr's successor, Mayor Kelly Mollaun, subsequently notified Hughes that as of January 4, 2016, the City had terminated his benefits and salary rather than continuing payment until the March 17, 2016 date required by the terms of the Agreement.

[5] Following the termination of his employment, on July 13, 2016, Hughes filed suit against the City seeking compensation for the period between January 4, 2016 and the March 17, 2016 Agreement expiration date. The parties filed competing summary judgment motions. Following a hearing on the parties' motions, the trial court granted Hughes's summary judgment motion, denied

the City's summary judgment motion, and entered judgment against the City in the amount of $42,378.54.

# Discussion and Decision

The City contends that the trial court erred in granting Hughes's summary judgment motion. In challenging the trial court's award of summary judgment to Hughes, the City does not point to any designated evidence that it claims creates an evidentiary issue of material fact. Rather, it makes three legal arguments as to why it believes it was improper to grant summary judgment in favor of Hughes.

> Our standard of review of a summary judgment order is well-settled: summary judgment is appropriate if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C).… A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. [*Commercial Coin Laundry Sys. v. Enneking*, 766 N.E.2d 433, 438 (Ind. Ct. App. 2002)]. Even if the facts are undisputed, summary judgment is inappropriate where the record reveals an incorrect application of the law to the facts. *Id.*

> On appeal, we are bound to the same standard as the trial court, and we consider only those matters which were designated at the summary judgment stage. *Id.* We do not reweigh the evidence, but we liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact for trial. *Id.* A grant of summary judgment may be affirmed upon any theory

supported by the designated materials. *Id.* at 439. The fact that the parties make cross-motions for summary judgment does not alter our standard of review. *Id.*

*Huntington v. Riggs*, 862 N.E.2d 1263, 1266 (Ind. Ct. App. 2007), *trans. denied*.

[7] The City argues that the Agreement is void and unenforceable because it violates the provisions of Indiana Code section 36-4-8-12(b), which indicates that a representative of a city "may not obligate the city to any extent beyond the amount of money appropriate for that department…. An obligation made in violation of this section is void." The crux of the City's argument is that the Agreement is void and unenforceable under Indiana Code section 36-4-8-12(b) because it subjected the City to an ongoing obligation that was unfunded after the first year. However, when read as a whole, it is clear that Indiana Code section 36-4-8-12 does not apply to employees but rather to other types of contracts entered into on behalf of a city. Thus, the City's reliance on this provision is misplaced.

[8] The City also argues that the Agreement violates the provisions of Indiana Code section 36-4-7-3. The relevant portion of Indiana Code section 36-4-7-3, which involves employee compensation, provides as follows:

> (b) Subject to the approval of the city legislative body, the city executive shall fix the compensation of each appointive officer, deputy, and other employee of the city. The legislative body may reduce but may not increase any compensation fixed by the executive. Compensation must be fixed under this section not later than November 1 of each year for the ensuing budget year.

In this case, the Board of Works fixed and budgeted for Hughes's salary at all times relevant to the Agreement. The designated evidence shows that funds were apportioned for Hughes's position during both the 2014-2015 and 2015-2016 contract years. It also establishes that the decision of whether to renew the Agreement for an additional year was to be made before the November 1 deadline set forth in Indiana Code section 36-4-7-3.

[9] Finally, the City argues that the contract is void because it violated the provisions of Indiana Code section 36-4-9-2 by binding the new mayor to employment decisions made by the prior mayor. Hughes does not dispute the City's assertion that Mayor Mollaun could not be bound by Mayor Carr's employment decisions. He argues, however, that the Agreement did not violate this provision as subsequent mayors were not bound by Mayor Carr's decision to employ him as it expressly provided the procedure for calculating amounts due upon expiration of the Agreement, the elimination of his position, or his termination.

[10] The Agreement provided that the City could, at any time, decide to eliminate Hughes's position or terminate Hughes's employment without cause. In fact, Hughes's position was eliminated on November 12, 2015. The Agreement stated that if the City decided to eliminate Hughes's position or terminate his employment, it was obligated to pay Hughes "the balance of his compensation under this Agreement, including the cost of all benefits." Appellant's App. Vol. II, p. 19. The designated evidence establishes that the City chose to exercise its

right to eliminate Hughes's position but failed to compensate Hughes according to these terms.

# Conclusion

[11] We conclude that record does not reveal any incorrect application of the law to the facts. In addition, the City does not point to any designated evidence that would render the trial court's award of summary judgment in Hughes's favor improper. The designated evidence supports the trial court's award of summary judgment for Hughes as it proves that the parties entered into a valid employment contract and that the City breached this contract by failing to compensate Hughes through March 17, 2016.

[12] The judgment of the trial court is affirmed.

Brown, J., and Altice, J., concur.